IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY P. BERMAN,

    Plaintiff,                        No. 2:11-cv-000635 MCE KJN PS

    v.

JULIE A. MCMANUS, LEANE RENEE,
MARY HENZIE, LESLIE SCOTT,
CAROLINE SHELLER, CHUCK
ECKERMAN, GEORGE A. ROBERTS
and DOES 1-10,

    Defendant.                      ORDER
_____/

Presently before the court is defendant Mary Henzie's ex parte "Request for Extension for Filing Answer to Complaint" ("Request"), which appends the proposed answer that Henzie seeks to be deemed timely filed.[1] (Request, Dkt. No. 17; see also Proposed Answer, Dkt. No. 18.) Although the undersigned is inclined to grant Henzie's Request, plaintiff will be granted an opportunity to respond to Henzie's filing.

Plaintiff filed his complaint on March 8, 2011. (Dkt. No. 1.) According to a

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Although plaintiff is proceeding without counsel, documents filed by plaintiff indicate that he is an attorney. (See, e.g., Proof of Service, Mar. 25, 2011, Dkt. No. 4.)

1

proof of service filed by plaintiff, he effectuated service of process on Henzie on March 17, 2011.  (Proof of Service, Apr. 13, 2011, attached to Req. for Entry of Default, Dkt. No. 19.)  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Henzie's was required to file her answer to the complaint on or before April 7, 2011.  Henzie concedes as much.  (See Request ¶ 5.)  Henzie did not file a timely answer.

Instead, on April 13, 2011, Henzie's filed the pending ex parte Request and a proposed answer.[2]  Henzie's counsel represents in the Request that he attempted to file Henzie's answer electronically, but he was unable to do so because his admission to this district was to the U.S. Bankruptcy Court for the Eastern District of California and, as a result, he was not able to electronically file the answer.  (Request ¶ 1.)  Additionally, Henzie's counsel represents that he has moved his practice to the State of Arizona and has only retained this case because Henzie owes him well over $100,000, and Henzie is unable to pay her counsel or retain another lawyer.  (Id. ¶ 3.)  He further states: "Had [he] known that he could not file his client's Answer electronically he would have found a way, amid a barrage of recent family medical crises, to mail the document timely."  (Id. ¶4.)

Pursuant to Eastern District Local Rule 144(a), extensions of time to respond to a complaint, other than an initial extension effectuated through a stipulation of the parties, must be approved by court order.  Eastern District Local Rule 144(c) further provides:

> **(c) Initial Ex Parte Extension.** The Court may, in its discretion, grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. Except for one such initial extension, ex parte applications for extension of time are not ordinarily granted.

Here, Henzie filed her proposed answer six days after it was due.  The parties have not stipulated to an extension of time for Henzie to file her answer, and Henzie's Request

---

[2] On April 14, 2011, plaintiff filed a request for a clerk's entry of default against Henzie (Req. for Entry of Default), which was denied by the Clerk of Court on April 18, 2011(Dkt. No. 20).

does not explain why a stipulation could not be obtained. However, her counsel provided reasons for his failure to file his client's answer. The undersigned is inclined to find good cause and excusable neglect supporting the grant of Henzie's Request, especially given that Henzie filed her answer only six days late and promptly sought leave to file the answer before plaintiff requested the entry of default against Henzie. However, the undersigned grants plaintiff an opportunity to file a response to Henzie's Request and this order, demonstrating, among other things, what prejudice plaintiff would suffer as a result of the answer being deemed timely filed.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff shall file, on or before April 29, 2011, a response to defendant Mary Henzie's ex parte request for an extension of time within which to file her answer to the complaint. If plaintiff does not oppose the granting of Henzie's request, plaintiff response shall include a statement of non-opposition to the granting of the request. Plaintiff's failure to timely respond to this order will be deemed consent to the granting of the request.

2. Plaintiff's response shall not exceed five pages in length.

IT IS SO ORDERED.

DATED: April 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE