1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    STANLEY P. BERMAN,

11              Plaintiff,                    No. 2:11-cv-00635 MCE KJN PS

12         v.

13    JULIE A. MCMANUS, LEANE RENEE,
       MARY HENZIE, LESLIE SCOTT,
14    CAROLINE SHELLER, CHUCK
      ECKERMAN, GEORGE A. ROBERTS
15    and DOES 1-10,

16              Defendants.                   FINDINGS AND RECOMMENDATIONS
      _____/
17

18              On May 31, 2011, the undersigned entered an Order and Findings and

19    Recommendations in this matter.[1]  (Dkt. No. 32.)  Relevant here, the undersigned notified

20    plaintiff of an intention to *sua sponte* dismiss plaintiff's fourth claim for relief, alleged against

21    defendant Mary Henzie.[2]  The undersigned provided the legal and factual basis for the proposed

22    _____

23         [1]   The "findings and recommendations" portion of the Order and Findings and
      Recommendations were adopted in full.  (See Order, July 28, 2011, Dkt. No. 40.)
24

25         [2]   The court may dismiss a plaintiff's claim *sua sponte* for failure to state a claim on which
      relief can be granted if it grants the plaintiff an opportunity to file a written opposition to such
      dismissal.  See Lee v. City of L.A., 250 F.3d 668, 683 n.7 (9th Cir. 2001) (noting that a trial court
26    may dismiss a claim *sua sponte* for failure to state a claim if it gives notice of its intention to dismiss

                                            1

1  dismissal and provided plaintiff with 21 days within which to file a written opposition or

2  statement of non-opposition to such *sua sponte* dismissal.  Plaintiff filed a timely written

3  opposition.  (Dkt. No. 35.)  The undersigned has considered plaintiff's written opposition and,

4  for the reasons stated below, recommends that: (1) plaintiff's fourth claim for relief be dismissed

5  with prejudice to the extent that it attempts to allege a claim pursuant to 42 U.S.C. § 1983; and

6  (2) the court decline to exercise supplemental jurisdiction over the remaining claims in this

7  action, which are alleged pursuant to California state law.

8  I.      BACKGROUND

9              Underlying this action is what can be fairly characterized as contentious divorce

10  and custody proceedings in the Nevada County Superior Court ("Superior Court").  Plaintiff

11  alleges that he is a resident of Nevada City, California, who at all relevant times had joint legal

12  custody of his two biological, minor children, ages ten and eleven, with defendant Mary Henzie,

13  who is plaintiff's ex-wife and the children's biological mother.  (Compl. ¶¶ 1, 7, 8, 9.)

14              Plaintiff alleges claims against the following individuals: (1) the Honorable Julie

15  A. McManus, who is alleged to be a judge of the Superior Court and was assigned to the custody

16  action underlying this case in or around January 2010 (see Compl. ¶¶ 4, 10); (2) Leslie Scott,

17  who is alleged to be a supervisor with Nevada County Child Protective Services (id. ¶ 15);

18  (3) Caroline Sheller, who is alleged to be the social worker assigned to the Superior Court

19  custody case at issue here (id.); (4) Leane Renee, who is alleged to be an attorney that was

20  appointed in May 2008 as counsel for the two minor children at issue in the Superior Court

21  proceedings (id. ¶ 11); (5) Mary Henzie, who is plaintiff's ex-wife and the children's mother;

22

23  and affords the plaintiff an opportunity to at least submit a written memorandum in opposition to
    such a motion) (citing Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987), and Wong
    v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)); accord R.K., ex. rel. T.K. v. Hayward Unified Sch. Dist.,

24  No. C 06-07836, 2007 WL 2778730, at *7 (N.D. Cal. Sept. 21, 2007) (unpublished) (raising the
    sufficiency of a claim *sua sponte*, but permitting the parties to file supplemental briefs); Miller v.

25  Davis, 420 F. Supp. 2d 1108, 1115 (C.D. Cal. 2006) (dismissing with prejudice claim asserted
    against party who had been served but had not yet appeared in the action), aff'd by 521 F.3d 1142

26  (9th Cir. 2008), and 272 Fed. Appx. 628 (9th Cir. 2008), cert. denied, 129 S. Ct. 306 (2008).

                                           2

(6) George A. Roberts, an attorney with whom plaintiff engaged in a physical altercation and who is alleged to have acted as a "consultant" to Henzie's attorney in connection with the plaintiff and Henzie's family law action (see id. ¶¶ 20-22); and (7) Charles Eckerman, who acted as Henzie's counsel in the Superior Court (id. ¶ 22).

Plaintiff's fourth claim, alleged only against defendant Mary Henzie, is for "fraud in depriving plaintiff of his rights to a familial relationship." (Compl. at p. 11.) Specifically, plaintiff alleges that Henzie "fraudulently deprived him of his constitutional right to a familial relationship with his daughters by making false accusations of spousal abuse against plaintiff to his minor daughters and to Dr. Dugan, the court appointed evaluator incident to a supplemental custody evaluation conducted in March 2009." (Id. ¶ 17; see also id. ¶ 9 (alleging "false accusations of spousal abuse leveled by Defendant Mary Henzie").) Plaintiff seeks damages "in excess of $1,000,000.00" and declaratory relief "adjudging" that Henzie violated plaintiff's civil rights. (Id. ¶ 17; see also id. at p. 15.)

Also relevant here, plaintiff's ninth claim for relief is a claim for "conspiracy to slander" and is alleged against Roberts, Renee, Eckerman, and Henzie. (Compl. ¶ 22.) Plaintiff seeks "in excess of $1,000,000.00 per defendant." (Id.) Plaintiff alleges that Roberts "acted as a consultant to Defendant Chuck Eckerman in connection with advising Defendant Eckerman in his capacity as attorney of record for Defendant Henzie in her family law action." (Id.) Plaintiff alleges that following a physical altercation between plaintiff and Roberts, Roberts falsely informed Eckerman that plaintiff had assaulted and injured him. (Id.) Plaintiff further alleges that Eckerman "passed the slanderous accusation" to Henzie and Renee, and that Henzie and Renee later "passed the slanderous accusation to Lynette Weiss, the therapist treating the minor children for effects of parental alienation syndrome." (Id.)

II.   DISCUSSION

As noted above, plaintiff's fourth claim alleges a claim that Henzie violated plaintiff's constitutional rights; it alleges that Henzie "fraudulently deprived [plaintiff] of his

3

1  constitutional right to a familial relationships with his daughters by making false accusations of

2  spousal abuse against plaintiff to his minor daughters and to Dr. Dugan, the court appointed

3  evaluator incident to a supplemental custody evaluation conducted in March 2009." (Compl.

4  ¶ 17.) Thus, this claim implicates 42 U.S.C. § 1983. Plaintiff's written opposition represents

5  that the fourth claim for relief consists of "both a state claim for relief and a federal claim for

6  deprivation of civil rights by a private citizen." (Pl.'s Opp'n at 2, Dkt. No. 35.)

7          Generally, with respect to individual defendants, "Section 1983 imposes civil

8  liability upon an individual who under color of state law subjects or causes, any citizen of the

9  United States to the deprivation of any rights, privileges or immunities secured by the

10  Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C.

11  § 1983. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

12  right secured by the Constitution or laws of the United States was violated, and (2) that the

13  alleged violation was committed by a person acting under the color of State law." Long v.

14  County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48

15  (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make

16  out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting

17  under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal

18  statutes" (citation omitted).).

19          Here, plaintiff alleges a violation of his Fourteenth Amendment rights, but does

20  not allege that Henzie acted under color of state law. Thus, this claim is subject to dismissal.

21  Moreover, given the fact that Henzie is a private individual who is merely alleged to have given a

22  statement to a court-appointed "evaluator" in the context of divorce and custody proceedings of

23  which she was a part, plaintiff cannot cure the pleading deficiency if given leave to amend.

24  Indeed, plaintiff's opposition confirms that plaintiff is a "private citizen" and does not argue any

25  basis upon which a Section 1983 claim could proceed against Henzie as a private actor.

26  Accordingly, the undersigned recommends that plaintiff's fourth claim for relief be dismissed

4

1    with prejudice to the extent it alleges a Section 1983 claim.

2            The undersigned need not address plaintiff's assertion in his opposition that the

3    fourth claim for relief also includes a state law claim.  This conclusion is because the

4    undersigned recommends that the court decline to exercise supplemental jurisdiction over all of

5    the remaining claims in this action.  The court may decline to exercise supplemental jurisdiction

6    over supplemental state law claims if the court has already "dismissed all claims over which it

7    has original jurisdiction."  See 28 U.S.C. § 1367(c)(3).  The court has already concluded that it

8    lacks diversity jurisdiction over plaintiff's claims, and has also dismissed all of the federal claims

9    alleged by plaintiff.[3]  Accordingly, the undersigned recommends that the court not exercise

10   supplemental jurisdiction over plaintiff's remaining state law claims.  As a result, the

11   undersigned further recommends that this case be closed.

12   III.    CONCLUSION

13           For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

14           1.      Plaintiff's fourth claim for relief be dismissed with prejudice to the extent

15   that it alleges a claim pursuant to 42 U.S.C. § 1983 against defendant Mary Henzie.

16           2.      The court decline to exercise supplemental jurisdiction over the remaining

17   claim in this case, all of which are brought pursuant to state law.

18           3.      The Clerk of Court be directed to close this case and vacate all future dates

19   in this case.

20           These findings and recommendations are submitted to the United States District

21   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

22   days after being served with these findings and recommendations, any party may file written

23

24           [3] The court previously dismissed, abstained from hearing, or declined to exercise jurisdiction
     over, plaintiff's claims against defendants Scott, Sheller, Renee, McManus, and Roberts.  (See
25   Order, July 28, 2011.)  Defendant Eckerman has not yet appeared in this action, but plaintiff's claim
     against him—plaintiff's ninth claim for relief alleging a conspiracy to commit slander—is a
26   supplemental claim alleged pursuant to state law.  (See Compl. ¶ 22.)

objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  Any response to the objections shall be filed with the court and served on

all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

Failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: August 5, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE