IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY P. BERMAN,

        Plaintiff,                    No. 2:11-cv-00635 MCE KJN PS

     v.

JULIE MCMANUS, et al.,

        Defendants.           ORDER
_____/

        Presently before the court is defendant Leane Renee's unopposed motion for mandatory attorneys' fees and costs (Dkt. No. 44) brought pursuant to California's anti-SLAPP[1] statute, Cal. Civ. Proc. Code § 425.16(c).[2]  Renee seeks a total award of $17,588.48.  Because oral argument would not materially aid the resolution of the pending motion, this matter was submitted on the briefs and record without a hearing.  See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).  The undersigned has fully considered Renee's motion and appropriate portions of the record in this case and, for the reasons that follow, grants Renee's unopposed motion in part.

---

[1] The acronym "SLAPP" stands for "strategic lawsuit against public participation."  Jarrow Formulas, Inc. v. La Marche, 31 Cal. 4th 728, 732 n.1, 74 P.3d 737, 739 n.1 (2003).

[2] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

The undersigned awards Renee $15,342.75 in reasonable attorneys' fees and $20.40 in costs, for a total award of $15,363.25.

I.   BACKGROUND

Plaintiff's complaint concerns an underlying marital and child custody dispute between plaintiff and his ex-wife that proceeded in the California Superior Court for the County of Nevada ("Superior Court").  Relevant here, the complaint alleges that Leane Renee is an attorney who the Superior Court appointed in May of 2008 to serve as counsel for the two minor children at the center of the Superior Court proceedings.[3]  (Compl. ¶ 11.)  Plaintiff alleged the following claims against Renee: (1) fraud, alleging that Renee's fraudulent actions "deprived plaintiff of his constitutional rights to a familial relationship with his daughters" (Compl. ¶ 16); (2) intentional infliction of emotional distress (id. ¶ 18); (3) negligent infliction of emotional distress (id. ¶ 19); and (4) conspiracy to slander plaintiff (id. ¶ 22).  In regards to plaintiff's claim of fraud alleged against Renee, the court "broadly construe[d] this claim, out of an abundance of caution, as seeking relief pursuant to California law <u>and</u> 42 U.S.C. § 1983."  (<u>See</u> Order and Findings and Recommendations, May 31, 2011, at 24 (emphasis in original), Dkt. No. 32.)

In response to plaintiff's complaint, Renee filed a motion entitled "Anti-SLAPP Special Motion to Strike Plaintiff's Complaint/Motion to Dismiss" (Dkt. No. 8).  The court granted Renee's anti-SLAPP motion in regards to plaintiff's common law claims of fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, and slander. (<u>See</u> Order and Findings and Recommendations, May 31, 2011, at 28-29, <u>adopted in full by</u> Order, July 28, 2011, Dkt. No. 40.)  However, the court did not grant the anti-SLAPP motion to the extent that plaintiff's fraud claim consisted of a claim alleging constitutional violations pursuant to 42 U.S.C. § 1983 because the anti-SLAPP statute cannot be used to strike federal

---

[3] Plaintiff named numerous participants in the Superior Court proceedings as defendants in this case.  For example, plaintiff named as defendants a judge of the Superior Court, plaintiff's ex-wife, and a social worker assigned to the matter.

2

claims. (See Order and Findings and Recommendations, May 31, 2011, at 13, 24-25.) As to plaintiff's Section 1983 claim, the court granted Renee's motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Order and Findings and Recommendations, May 31, 2011, at 29-31.) Accordingly, the court dismissed all of plaintiff's claims against Renee. (See Order, July 28, 2011, at 2.) Renee subsequently filed the pending motion for attorneys' fees and costs pursuant to the anti-SLAPP statute's mandatory fee and cost award provision. See Cal. Civ. Proc. Code § 425.16(c).[4]

II.   LEGAL STANDARDS

A party may bring an anti-SLAPP special motion to strike in federal court. Thomas v. Fry's Elecs., Inc., 400 F. 3d 1206, 1206-07 (9th Cir. 2005) (per curiam); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003). A party may seek to specially strike state law claims brought in federal court on the basis of the court's diversity subject matter jurisdiction and state law claims that are supplemental to federal claims in an action premised on federal question jurisdiction. See Hilton v. Hallmark Cards, 599 F.3d 894, 900 n.2 (9th Cir. 2010) (stating that "we have long held that the anti-SLAPP statute applies to state law claims that federal courts hear pursuant to their diversity jurisdiction") (citing United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 970-73 (9th Cir. 1999)); Globetrotter Software, Inc. v. Elan Computer Group, Inc., 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999) ("[I]t appears that under the Erie analysis set forth in Lockheed the anti-SLAPP statute may be applied to state law claims which, as in this case, are asserted pendent to federal question claims.").[5]

In regards to attorney's fees and costs, California's anti-SLAPP statute provides,

---

[4] Plaintiff filed a notice of appeal that, in part, preemptively appealed the award of attorneys' fees and costs before the court resolved Renee's motion seeking such fees or costs (Dkt. No. 48). Plaintiff's appeal is pending.

[5] However, a party may not use an anti-SLAPP special motion to strike to seek the dismissal of claims based on federal law, such as claims brought pursuant to 42 U.S.C. § 1983. See, e.g., Hilton, 599 F.3d at 901 (stating that "a federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims").

3

in relevant part, that except in circumstances not present here, "a prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c) (emphasis added). Under California law, "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." Ketchum v. Moses, 24 Cal. 4th 1122, 1131, 17 P.3d 735, 741 (2001).[6] The successful defendant is also entitled to fees incurred in filing the motion for anti-SLAPP fees, also referred to as "fees on fees." Id. at 1141, 17 P.3d at 747.

The California Supreme Court has presumed that the Legislature intended for anti-SLAPP fees to be calculated using the "lodestar" approach, but does not require use of the lodestar approach. See Ketchum, 24 Cal. 4th at 1136, 17 P.3d at 744; accord Mann v. Quality Old Time Serv., Inc., 139 Cal. App. 4th 328, 342, 42 Cal. Rptr. 3d 607, 616 (Ct. App. 2006). The undersigned finds that the lodestar approach is appropriate here. In addressing fee-shifting statutes other than the anti-SLAPP statute, the Ninth Circuit Court of Appeals has stated that the "'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). It has further held that "[a]lthough in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Id. (citation omitted). The California Supreme Court's description of the lodestar method, as applied in the anti-SLAPP context, is in accord. See Ketchum, 24 Cal. 4th at 1131-

---

[6] One California Court of Appeal has held that the "the Legislature intended that a prevailing defendant on a motion to strike be allowed to recover attorney fees and costs only on the motion to strike, not the entire suit." Lafayette Morehouse, Inc. v. Chronicle Publ'g Co., 39 Cal. App. 4th 1379, 1383, 46 Cal. Rptr. 2d 542, 544 (Ct. App. 1995); accord S.B. Beach Props. v. Berti, 39 Cal. 4th 374, 381, 138 P.3d 713, 717 (2006). However, some courts have questioned whether Lafayette Morehouse, Inc.'s holding was superseded by statute, as that case was decided "before the California Legislature amended the anti-SLAPP statute to mandate that the statute be 'construed broadly.'" Manufactured Home Communities, Inc. v. County of San Diego, 655 F.3d 1171, 1181 n.1 (9th Cir. 2011).

4

32, 17 P.3d at 741 (stating that "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.") (citations and quotation marks omitted). The California Supreme Court has advised that courts may adjust the lodestar in consideration of factors such as: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." Id. at 1132, 17 P.3d at 741.

The Ninth Circuit Court of Appeals has held that the anti-SLAPP statute's fee provision applies in federal court where the case is premised on the court's diversity jurisdiction. See, e.g., Thomas, 400 F.3d at 1206; Verizon Del., Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004). Although it does not appear that the Court of Appeals has expressly held that the anti-SLAPP statute's fee provision applies to state law claims over which the district court exercises supplemental jurisdiction, it recently acknowledged that a party who prevailed on its anti-SLAPP motion that was combined with a motion to dismiss a Section 1983 claim was entitled to anti-SLAPP fees. See Fabbrini v. City of Dunsmuir, 631 F.3d 1299, 1302 (9th Cir. 2011) ("In the district court, the City filed in a single pleading the motion to dismiss the § 1983 malicious prosecution claim and the anti-SLAPP motion to strike the defamation claim. It is undisputed that the City is entitled to fees for having prevailed on the anti-SLAPP motion.").

III.   DISCUSSION

These is no dispute that Renee is a prevailing party with respect to her anti-SLAPP motion. Renee successfully moved the court to specially strike four state law claims pursuant to California's anti-SLAPP statute and obtained a judgment in her favor as to those claims. Indeed, plaintiff did not even file a written opposition to Renee's motion for an award of attorneys' fees and costs under California's anti-SLAPP statute. Accordingly, what remains is the calculation of the appropriate award to which Renee is entitled. Again, plaintiff filed no

1 opposition brief and thus has not opposed any specific amount of attorneys' fees or costs claimed
2 by Renee.
3    Here, Renee summarizes her request for attorneys' fees with respect to preparation
4 of the anti-SLAPP motion, the related reply brief, and a response to plaintiff's objection to the
5 undersigned's proposed findings and recommendations as follows:

| Attorneys | Rate | Hours Expended | Lodestar Totals |
|---|---|---|---|
| Jason Sommer | $275 | 5.6 | $1,540.00 |
| Jeffrey Hinrichsen | $225 | 60.1 | $13,522.50 |
| Total Attorneys' Fees (Anti-SLAPP motion): || | $15,062.50 |

10 (Renee's Memo. of P. & A. In Supp. of Mot. for Attorneys' Fees & Costs ("Renee's Memo.")
11 at 5; see also Sommer Decl. ¶¶ 6-7; Hinrichsen Decl. ¶ 7, 9; Table of Exs. In Supp. of Mot. for
12 Attorneys' Fees & Costs ("Table of Exhibits").)  Renee summarizes the attorneys' fees pertaining
13 to the instant anti-SLAPP fee and cost motion as follows:

| Attorneys | Rate | Hours Expended | Lodestar Totals |
|---|---|---|---|
| Jason Sommer | $275 | 1.9 | $522.50 |
| Jeffrey Hinrichsen | $225 | 7.7 | $1,732.50 |
| Total Attorneys' Fees (Fees/Costs Motion): || | $2,255.00 |

18 (Renee's Memo. at 5-6; see also Sommer Decl. ¶ 7; Hinrichsen Decl. ¶¶ 8-9; Table of Exhibits.)
19 Taken together, the total amount of attorneys' fees that Renee asserts her counsel expended in
20 pursuing resolution of the anti-SLAPP motion is $17,317.50.  Renee also seeks costs in an
21 amount of $270.98 for copying costs and travel to and from this court for the hearing on Renee's
22 and the other defendants' pleading-based motions.  (See Table of Exhibits.)  Thus, the total
23 award sought by Renee is $17,588.48.
24    The undersigned finds that the hourly rates for Messrs. Sommer and Hinrichsen,
25 each of whom have practiced law for over ten years, are reasonable in light of the rates charged
26 by comparable attorneys in the Eastern District of California.  (See Sommer Decl. ¶¶ 7-10;

6

1  Hinrichsen Decl. ¶¶ 9-12.)  In regards to the number of hours expended by Renee's counsel in
2  pursuing resolution of the anti-SLAPP motion, the undersigned finds the claimed hours
3  reasonable, except as explained below.  Again, plaintiff did not oppose the award of attorneys'
4  fees or the specific amount of fees claimed by Renee.
5           Although Renee seeks a total of $17,317.50 in attorneys' fees, the undersigned
6  only awards $15,342.75 in reasonable attorneys' fees.  The undersigned reduces the amount
7  sought by Renee as follows.  First, the undersigned reduces the award by $45, which Renee
8  incurred in connection with the preparation of a declaration on her behalf regarding Renee's
9  absence from a hearing in the underlying Superior Court case; that declaration appears to have no
10  bearing on this case.  (See Table of Exhibits at 3.)  Second, the undersigned reduces the total
11  award by $157.50, which Renee's counsel claims was spent analyzing a "hearing transcript of Dr.
12  Roeder to address issue raised by complaint."  (Id.)  It is entirely unclear how this analysis
13  furthered the anti-SLAPP motion.  Third, the undersigned further reduces the award by $22.50,
14  which Renee's counsel claims was billed, in part, in connection with plaintiff's "motion for
15  parenting time," presumably in the Superior Court.  (Id. at 4.)  Fourth, the undersigned reduces
16  the total award of fees by $45, which was billed by Renee's counsel for a conference call with the
17  other named defendants' counsel regarding "events at hearing on Anti-SLAPP motions."  (Id.
18  at 5.)  Finally, the undersigned further reduces the remaining award of attorneys'
19  fees—$17,047.50—by ten percent because it appears from the Table of Exhibits that Renee's
20  counsel generally billed Renee under the broad label of preparation of the "anti-SLAPP motion"
21  despite the fact that a material portion of the motion filed by Renee included a motion to dismiss
22  pursuant to Federal Rule of Civil Procedure 12(b)(6).  Renee is not entitled to an award of
23  attorneys' fees under the anti-SLAPP statute for pursuit of a Rule 12(b)(6) motion.  Accordingly,
24  the undersigned awards Renee $15,342.75 in reasonable attorneys' fees.
25           In regard to costs, Renee seeks $270.98 in costs incurred in pursuing the anti-
26  SLAPP motion and this motion for attorneys' fees and costs.  (Table of Exhibits at 7.)  The

undersigned awards Renee $20.40 in costs. The remainder of the costs claimed pertain to copying costs, but it is unclear whether these charges were actually incurred in furtherance of the anti-SLAPP motion. For example, Renee seeks costs in connection with 1,876 copies on April 25, 2011. (Table of Exhibits at 4.) However, the nature of these copies is unexplained, and the copies were made long after the anti-SLAPP motion was filed. The undersigned cannot conclude that these copying costs, and other similar copying costs sought, were actually incurred in connection with the anti-SLAPP motion.

IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Leanne Renee's motion for attorneys' fees and costs (Dkt. No. 44) brought pursuant to California's Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16(c), is granted in part.

2. Defendant Leanne Renee is awarded $15,342.75 in attorneys' fees and $20.40 in costs, payable by plaintiff.

IT IS SO ORDERED.

DATED: April 25, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE